19-2978-cv
*Latronica v. Local 1430 Int'l Bhd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN LATRONICA,

                     *Plaintiff-Appellee,*


          -v-                                          19-2978-cv

LOCAL 1430 INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS PENSION FUND,
                     *Defendant-Appellant,*

LAYNE MCCARTHY,

                     *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE: JOSHUA L. WEINER, Coughlin Duffy LLP, Morristown, New Jersey.

FOR DEFENDANT-APPELLANT: ALEXANDER M. GORMLEY (Jeffrey S. Swyers, *on the brief*), Slevin & Hart, P.C., Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part and the appeal is **DISMISSED** in part.

Defendant-appellant Local 1430 International Brotherhood of Electrical Workers Pension Fund (the "Fund") appeals from an order, entered August 23, 2019, granting summary judgment in favor of plaintiff-appellee John Latronica.[1] Latronica brought this action against the Fund asserting claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, arising from the Fund's partial denial of his pension benefit claim. The district court held that Latronica was entitled to full benefits, interest, and attorneys' fees and costs. On appeal, the Fund argues that the district court erred in holding that its decision to partially deny Latronica's pension benefits was arbitrary and capricious. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The district court granted summary judgment dismissing the claims against defendant Layne McCarthy. Latronica does not challenge that decision.

At issue in this appeal is the Fund's calculation of Latronica's pension benefits under the Local 1430 International Brotherhood of Electrical Workers Pension Plan (the "Plan"). The Fund is a multiemployer labor-management pension fund organized and operated in accordance with ERISA. The Fund is governed by the Plan, which provides "for the eligibility of pension applicants, the determination of service credits[,] and the manner in which individual pension benefits are to be determined and calculated." J. App'x at 1112. Local 1430 International Brotherhood of Electrical Workers is defined in the Plan as the "Union."

Latronica, a retired video and audio technician and operator, worked for various companies that provided video and related technical services in New Jersey. During different times of Latronica's employment, his employers were signatories of collective bargaining agreements ("CBAs") with the Union. As relevant to Latronica's pension benefits calculation, the various CBAs defined the "bargaining unit" represented by the Union that was eligible for pension benefits under the Plan.

Latronica retired in 2015 and applied for his pension benefits. On June 24, 2015, the Fund determined that Latronica was only entitled to pension service credits for 16 years and 7 months, and not the maximum 30 years of credits Latronica contended he had accrued since the beginning of his employment. The Fund explained that "effective January 1, 1981 [Latronica] . . . became a supervisor" and therefore was not an eligible "participant" or engaged in "covered employment" as defined by the

3

Plan. J. App'x at 144-45. Latronica appealed to the Fund's Board of Trustees (the "Trustees"), and, on January 6, 2017, the Trustees denied his appeal. The Trustees similarly concluded that the record evidence established that during his employment, Latronica served as a "supervisor" as defined by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(11), and thus was not engaged in "covered employment" and was not an "eligible employee" because "he did not work in a classification for which the Union acted as collective bargaining representative." J. App'x at 152-53.

On January 25, 2017, Latronica filed the instant suit under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), alleging that defendants' partial denial of his pension benefits claim was an abuse of discretion. The district court issued its decision on August 23, 2019, holding that Latronica was entitled to the maximum pension benefits based on 30 years of service credits together with prejudgment interest at the rate of 9% and his reasonable attorneys' fees and costs. The district court granted a request to hold the issue of the amount of attorneys' fees to be awarded in abeyance pending resolution of this appeal.

### DISCUSSION

On appeal, the Fund argues that the district court erred by: (1) incorrectly applying the arbitrary and capricious standard and granting summary judgment to Latronica; (2) failing to remand the case to the Trustees for consideration of additional evidence; and (3) improperly awarding attorneys' fees and costs.

4

Upon *de novo* review, *see Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009), we affirm the district court's granting of summary judgment in favor of Latronica for substantially the reasons set forth by the district court in its thorough and well-reasoned August 23, 2019 order.  The district court did not err in finding the Fund's determination arbitrary and capricious because there was no supervisor exclusion in the Plan and Latronica was plainly covered under the Plan as an employee engaged in covered employment.  Moreover, even assuming the Fund's interpretation that supervisors were not covered was a reasonable interpretation of the Plan, the Fund's determination that Latronica was a supervisor was arbitrary and capricious because it was based on speculation and not on any concrete evidence that he was a supervisor.  We further conclude that the district court did not abuse its discretion in denying remand as both inappropriate and futile.

As for the Fund's challenge to the district court's grant of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), we dismiss that portion of the appeal for lack of appellate jurisdiction, as the amount of attorneys' fees has not yet been set.  *See O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court.").

\* \* \*

5

We have considered the Fund's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court in part and **DISMISS** the appeal in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk